## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | |
|---|---|
| **SHIKEAL JENKINS, and MCKENZIE MOE,** **Individually and on behalf of all others similarly situated,** | **Case No. _____** |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** |
| **MORLEY COMPANIES, INCORPORATED,** | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |
| **Defendant.** | |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiffs Shikeal Jenkins ("Jenkins") and McKenzie Moe ("Moe") brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiffs and the Putative Class Members") who worked for Morley Companies, Incorporated ("The Morley Companies" or "Defendant"), anywhere in the United States, at any time from July 16, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.*, and pursuant to the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et seq.* ("SCPWA" or "South Carolina Act").

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the South Carolina state law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.     This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of South Carolina, and FED. R. CIV. P. 23, to recover unpaid wages, overtime wages, and other applicable penalties.

2.     Plaintiffs and the Putative Class Members are those similarly situated persons who worked for The Morley Companies in call centers, anywhere in the United States, at any time from July 16, 2017 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.     Specifically, The Morley Companies enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work "off-the-clock" and without pay.

4.     The Morley Companies' illegal company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and

further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.     Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.     The Morley Companies knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

7.     Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state law.

8.     Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under South Carolina state law as a class action pursuant to Federal Rule of Civil Procedure 23.

9.     Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiffs also pray that the Rule 23 class is certified as defined herein, and that Plaintiff Jenkins be named as the Class Representative.

## II.
## THE PARTIES

11.     Plaintiff Shikeal Jenkins ("Jenkins") was employed by The Morley Companies in Greenville, South Carolina during the relevant time period. Plaintiff Jenkins did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.     Plaintiff McKenzie Moe ("Moe") was employed by The Morley Companies in Saginaw, Michigan during the relevant time period. Plaintiff Moe did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13.     The FLSA Collective Members are those current and former hourly call-center employees who were employed by The Morley Companies, anywhere in the United States, at any time from July 16, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and was paid.

---

[1] The written consent of Shikeal Jenkins is hereby attached as Exhibit "A."

[2] The written consent of McKenzie Moe is hereby attached as Exhibit "B."

14.     The South Carolina Members are those current and former hourly call-center employees who were employed by The Morley Companies, in South Carolina, at any time from July 16, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Jenkins worked and was paid.

15.     Defendant Morley Companies, Incorporated is a Domestic For-Profit Corporation, licensed to and doing business in the State of Michigan, and can be served through its registered agent: **Richard J. Mott, 2811 Schust Road, Saginaw, Michigan 48603**.

### III.
### JURISDICTION & VENUE

16.     This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

17.     This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

18.     This Court has personal jurisdiction over The Morley Companies because the cause of action arose within this District as a result of The Morley Companies' conduct within this District and Division.

19.     Venue is proper in the Eastern District of Michigan because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, The Morley Companies' corporate headquarters are located in Saginaw, Michigan, and Plaintiff Moe worked for The Morley Companies in Saginaw, Michigan all of which is located within this District and Division.

21. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

22. The Morley Companies is a customer engagement and contact center that provides customer services, technical support, and sales and marketing support to their business clients.[3]

23. Plaintiffs and the Putative Class Members' job duties consisted of answering phone calls made by The Morley Companies' customers, answering customer inquiries, troubleshooting issues on behalf of customers, and generally assisting customers.

24. Plaintiff Jenkins was employed by The Morley Companies in its call center located in Greenville, South Carolina from approximately August 2018 until October 2018.

25. Plaintiff Moe has been employed by The Morley Companies in its call center located in Saginaw, Michigan since approximately June of 2019.

---

[3] https://www.morleynet.com/Services/Business-Process-Outsourcing/.

26.     Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

27.     Plaintiffs and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

28.     In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members worked up to four (4) hours "off-the-clock" per week and have not been compensated for that time.

### Unpaid Start-Up Time

29.     Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for The Morley Companies as a result of The Morley Companies' corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

30.     Specifically, Plaintiffs and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different computer programs, log in to each program, and ensure that each program is running correctly— all of which can take up to twenty minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

31.     If Plaintiffs and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

32.     If Plaintiffs and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

33.     Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

34.     During this start up time, Plaintiffs and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### Unpaid Work During the Meal Period Break

35.     The Morley Companies provides Plaintiffs and the Putative Class Members' with one unpaid thirty-minute meal break each day.

36.     However, The Morley Companies requires Plaintiffs and the Putative Class Members to perform "off-the-clock" work during their unpaid meal break.

37.     Plaintiffs and the Putative Class are required to stay on the clock and on call until the minute their meal break begins, they then must clock out, then  perform a lengthy shut down process, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for their meal break.

38.     Plaintiffs and the Putative Class Members are required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone before their meal break end.

39.     The log off process used prior to taking a meal break can take anywhere from one to three minutes.

40.     The log in process used after returning from a meal break can take anywhere from another one to three minutes.

41.     This lengthy log off and log in procedure had to be performed during Plaintiffs and the Putative Class Members' meal break per The Morley Companies' policy.

### Unpaid Technical Downtime

42.     Further, Plaintiffs and the Putative Class Members' computers crashed multiple times each week and required Plaintiffs and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

43.     At times, Plaintiffs and the Putative Class Members would spend anywhere from ten minutes (10) to several hours in a day troubleshooting their computer or talking to technical support trying to get their computer to work so they could work.

44.     Plaintiffs and the Putative Class Members were also not compensated for the time they worked for The Morley Companies rebooting or troubleshooting The Morley Companies' computers after they crashed or experienced other technical difficulties.

### Unpaid Rest Breaks Lasting Twenty Minutes or Less

45.     In addition, The Morley Companies also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees— Plaintiffs and the Putative Class Members—to clock out for rest breaks lasting twenty

minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

46.     The Morley Companies permitted Plaintiffs and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

47.     As a result of The Morley Companies' corporate policy and practice of requiring Plaintiffs and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid meal period breaks, and requiring Plaintiffs and the Putative Class Members to clock out for short breaks, Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

48.     The Morley Companies has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

49.     The Morley Companies is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

50.     Because The Morley Companies did not pay Plaintiffs and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, The Morley Companies' pay policies and practices violate the FLSA.

51.     Because The Morley Companies did not pay Plaintiffs and the Putative Class Members for all hours they worked, The Morley Companies pay policies and practices also violate South Carolina state law.

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

52.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

53.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY MORLEY COMPANIES, INCORPORATED, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 16, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

54.     At all times hereinafter mentioned, The Morley Companies has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

55.     At all times hereinafter mentioned, The Morley Companies has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

56.     At all times hereinafter mentioned, The Morley Companies has been an enterprise engaged in commerce or in the production of goods for commerce within

the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

57. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by The Morley Companies, these individuals have provided services for The Morley Companies that involved interstate commerce for purposes of the FLSA.

58. In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

59. Specifically, Plaintiffs and the FLSA Collective Members are non-exempt hourly call-center employees of The Morley Companies who assisted The Morley Companies' customers who live throughout the United States. 29 U.S.C. § 203(j).

60. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

61. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 53.

62. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of The Morley Companies.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

63. The Morley Companies has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

64. Moreover, The Morley Companies knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

65.     The Morley Companies is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

66.     Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted The Morley Companies to pay them according to the law.

67.     The decisions and practices by The Morley Companies to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

68.     Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

69.     All previous paragraphs are incorporated as though fully set forth herein.

70.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of The Morley Companies' employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

71.     Other similarly situated employees of The Morley Companies have been victimized by The Morley Companies' patterns, practices, and policies, which are in willful violation of the FLSA.

72.   The FLSA Collective Members are defined in Paragraph 53.

73.   The Morley Companies' failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of The Morley Companies, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

74.   Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

75.   The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

76.   All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

77.   Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

78.   Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and The Morley Companies will retain the proceeds of its rampant violations.

79.   Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy

and parity among the claims of the individual members of the classes and provide for judicial consistency.

80.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 53 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the South Carolina Act)**

**A.      SOUTH CAROLINA ACT COVERAGE**

81.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

82.     The South Carolina Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY MORLEY COMPANIES, INCORPORATED, ANYWHERE IN THE STATE OF SOUTH CAROLINA, AT ANY TIME FROM JULY 16, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("South Carolina Class" or "South Carolina Class Members")**

83.     At all times hereinafter mentioned, The Morley Companies was and has been an "employer" within the meaning of the South Carolina Act. See S.C. CODE ANN. § 41-10-10(1).

84.     At all times hereinafter mentioned, Plaintiff Jenkins and the South Carolina Class Members were employed by The Morley Companies within the meaning of the South Carolina Act. See S.C. CODE ANN. §§ 41-10-10—110.

85.     Plaintiff Jenkins and the South Carolina Class Members were or have been employed by The Morley Companies at any time since July 16, 2017, and have been covered employees entitled to the protections of the South Carolina Act and were not exempt from the protections of the South Carolina Act.

86.     The employer, The Morley Companies, is not exempt from the requirements under the South Carolina Act.

## B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE SOUTH CAROLINA ACT

87.     All previous paragraphs are incorporated as though fully set forth herein.

88.     Pursuant to S.C. CODE ANN. § 41-10-40(C), "[e]very employer shall notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment" and the "employer shall furnish each employee with an itemized statement showing his gross pay and the deductions made from his wages for each pay period."

89.     The Morley Companies willfully failed to provide Plaintiff Jenkins and others similarly situated with proper notice at the time of their hiring as required by the law, and The Morley Companies did not provide them with compliant wage statements for each of their pay periods as required by the law.

90.     Pursuant to S.C. CODE ANN. § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law."

91.     Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective." S.C. CODE ANN. § 41-10-30(A).

92.     The Morley Companies, however, did not pay Plaintiff Jenkins and the South Carolina Class Members all wages due to them, nor did it provide Plaintiff Jenkins and the South Carolina Class Members with at least seven days advance written notice of the deductions or the amounts of the deductions that it made to their paychecks.

93.     Accordingly, Plaintiff Jenkins and the members of the South Carolina Class are entitled to receive all compensation of "wages" due and owing to them.

94.     The Morley Companies willfully failed to pay Plaintiff Jenkins and others similarly situated "wages" as defined in section 41-10-10(2) of the South Carolina Act for all work performed, according to the law.

95.     The Morley Companies has withheld wages of Plaintiff Jenkins and others similarly situated without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

96.     The Morley Companies failed (and continues to fail) to pay Plaintiff Jenkins and the South Carolina Class Members for all hours worked.

97.     As a result of The Morley Companies' illegal and company-wide policies applicable to Plaintiff Jenkins and South Carolina Class Members' wages, The Morley Companies violated the South Carolina Act.

98.     The Morley Companies' failure to pay for all hours worked to the South Carolina Class Members who performed work on behalf of The Morley Companies in South Carolina is part of a continuing course of conduct.

99.     As a direct and proximate result of The Morley Companies' willful conduct, Plaintiff Jenkins and others similarly situated have suffered substantial losses and have been deprived of compensation to which they are entitled, including monetary damages in the amount of three (3) times the amount of their unpaid wages as well as costs and reasonable attorneys' fees pursuant to S.C. CODE ANN. § 41-10-80 of the South Carolina Act.

100.     Accordingly, the South Carolina Class should be certified as defined in Paragraph 82.

## C.     SOUTH CAROLINA CLASS ACTION ALLEGATIONS

101.     Plaintiff Jenkins brings her South Carolina Act claims pursuant to South Carolina law as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by The Morley Companies to work in South Carolina at any time since July 16, 2017.

102.     Class action treatment of Plaintiff Jenkins and the South Carolina Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

103.     The number of South Carolina Class Members is so numerous that joinder of all class members is impracticable.

104.   Plaintiff Jenkins is a member of the South Carolina Class, her claims are typical of the claims of other South Carolina Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

105.   Plaintiff Jenkins and her counsel will fairly and adequately represent the South Carolina Class Members and their interests.

106.   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

107.   Accordingly, the South Carolina Class should be certified as defined in Paragraph 82.

## VI.
## RELIEF SOUGHT

108.   Plaintiffs respectfully pray for judgment against The Morley Companies as follows:

a.   For an Order certifying the FLSA Collective as defined in Paragraph 53 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.     For an Order certifying the South Carolina Class as defined in Paragraph 82 and designating Plaintiff Jenkins as the Class Representative of the South Carolina Class;

c.     For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.     For an Order pursuant to Section 16(b) of the FLSA finding The Morley Companies liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit)

e.     For an Order pursuant to South Carolina law awarding Plaintiff Jenkins and the South Carolina Class Members unpaid wages and other damages allowed by law;

f.     For an Order awarding the costs and expenses of this action;

g.     For an Order awarding attorneys' fees;

h.     For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.     For an Order awarding Plaintiff Jenkins and Moe a service award as permitted by law;

j.     For an Order compelling the accounting of the books and records

of Defendant, at Defendant's expense; and

    k.  For an Order granting such other and further relief as may be necessary and appropriate.

## DEMAND FOR JURY TRIAL

    NOW COMES the above-named Plaintiffs, by and through their attorneys, and hereby demand trial by jury on the above matter.

Date: July 16, 2020     Respectfully submitted,

       By:  */s/ Jennifer McManus*
           **Jennifer McManus (P65976)**
           jmcmanus@faganlawpc.com
           **FAGAN MCMANUS, P.C.**
           25892 Woodward Avenue
           Royal Oak, Michigan
           Telephone: (248) 542-6300
           Facsimile: (248) 542-6301

           **Clif Alexander** (*Pro Hac Vice Application Forthcoming*)
           Texas Bar No. 24064805
           clif@a2xlaw.com
           **Austin W. Anderson** (*Pro Hac Vice Application Forthcoming*)
           Texas Bar No. 24045189
           austin@a2xlaw.com
           **ANDERSON ALEXANDER, PLLC**
           819 N. Upper Broadway
           Corpus Christi, Texas 78401
           Telephone: (361) 452-1279
           Facsimile: (361) 452-1284

           ***Attorneys in Charge for Plaintiffs and Putative Class Members***